■ In the Matter of GLEN BOLOFSKY et al., Appellants, v CITY OF NEW YORK et al., Respondents. [46 NYS3d 59]—

Order and judgment (one paper), Supreme Court, New York County (Margaret A. Chan, J.), entered March 18, 2015, which, insofar as appealed from as limited by the briefs, dismissed, in part, petitioners' fourth cause of action, and dismissed, in their entirety, the fifth and sixth causes of action, unanimously affirmed, without costs.

With respect to the fourth cause of action regarding Vehicle and Traffic Law § 240 (1)'s hearing notice requirements, the court properly limited petitioners' requested relief to that which is required under the statute, by directing respondent Parking

Violations Bureau (PVB) to send written notice by first class mail of the date of each hearing on each parking violation, listing the tickets in the order in which they will be heard, and including warnings that failure to appear shall be deemed an admission of liability that could result in entry of a default judgment. Nothing in Vehicle and Traffic Law § 240 (1) requires respondents to employ a calendaring system that enables petitioner to choose the order in which the tickets are adjudicated. Petitioners fail to establish that any burdens on them that result from respondents' policies with respect to the order in which parking tickets are heard rise to the level of a due process violation.

As to the fifth cause of action, the court properly found that respondents' use of "reason codes" to identify petitioners' primary defense to a parking violation and the basis for respondents' determination does not violate the due process obligation to provide sufficient information for an intelligent appellate review. To the extent the use of reason codes fails to set forth an adequate basis for review, and the recording of the oral hearing does not provide clarification, petitioners may appeal the decision administratively to an appeals board, and after that may commence a CPLR article 78 proceeding to challenge the particular decision.

With respect to the sixth cause of action, to the extent any of the petitioners have standing to assert challenges to the Stipulated Fine Program and Commercial Abatement Program, the court properly found that the PVB did not overstep its statutory authority in adopting rules and regulations that further the purposes of the underlying statutory scheme (Vehicle and Traffic Law § 237 [3]; Administrative Code of City of NY § 19-203 [c]) and are not inconsistent with the statutory language or its underlying purposes (*Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib.*, 2 NY3d 249, 254 [2004]). Further, the settlement programs have a rational basis and do not violate equal protection.

We have considered petitioners' remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Saxe, Moskowitz and Kapnick, JJ.